IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH PITTS,<br><br>Plaintiff,<br><br>vs.<br><br>NOLAN ESPINDA, et al.,<br><br>Defendants. | CIV. NOS. 15-00483 JMS-KJM<br>17-00137 JMS-KJM<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION |
| JOSEPH PITTS,<br><br>Plaintiff,<br><br>vs.<br><br>SGT. TUITAMA, et al.,<br><br>Defendants. | |

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

## I. INTRODUCTION

On February 7, 2018, Plaintiff Joseph Pitts filed one Motion for Preliminary Injunction in two separate cases — *Pitts v. Espinda, et al.*, Civ. No. 15-00483 JMS-KJM and *Pitts v. Tuitama, et al.*, Civ. No. 17-00137 JMS-KJM.

ECF No. 165.[1] On February 22, 2018, some Defendants in Civ. No. 15-00483 JMS-KJM filed responses. ECF Nos. 173, 174. On February 26, 2018, Plaintiff filed a Declaration in Response ("Pitts Decl."), and on March 8, 2018, Plaintiff filed a "Response to Defendants' Memorandum in Opposition" ("Reply"). ECF Nos. 175, 176. No Defendant in *Tuitama*, Civ. No. 17-00137 JMS-KJM, filed a response. On February 7, 2018, Walter Schoettle filed a Disclaimer clarifying that he is Plaintiff's counsel in a state-court criminal appeal only and not in these civil cases. ECF No. 167. Schoettle filed declarations regarding Plaintiff's Motion on March 9 and 12, 2018. ECF Nos. 178, 179.

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. For the reasons discussed below, the Motion for Preliminary Injunction is DENIED.

## II. DISCUSSION

### A. Background

Plaintiff's underlying cases arise from an alleged physical assault by correctional officers at Halawa Correctional Facility ("HCF") on July 9, 2014, *Espinda*, Civ. No. 15-00483 JMS-KJM, and alleged violations of his constitutional

[1] For clarity, unless otherwise noted, the court refers to docket entries from *Espinda*, Civ. No. 15-00483 JMS-KJM.

rights (1) with respect to prison mail policies and practices, and (2) in retaliation for filing lawsuits and grievances, *Tuitama*, Civ. No. 17-00137 JMS-KJM. In both cases, Plaintiff seeks transfer to another facility in Hawaii, as well as damages and other injunctive relief. *See* First Am. Compl. at 22, ECF No. 82; *see also Tuitama*, Civ. No. 17-00137 JMS-KJM, Sec. Am. Compl. at 22, ECF No. 30.

Plaintiff now seeks a preliminary injunction ordering his transfer from HCF to another facility located in Hawaii. Plaintiff does not seek transfer to a particular correctional facility, but he identifies as possible sites the Federal Detention Center, Honolulu ("FDC") and State of Hawaii correctional facilities at Kulani or Waiawa. Mot. at PageID #997, ECF No. 165-3; Pitts Decl. at 1, 3, ECF No. 175; Reply at 5 (seeking transfer to "FDC or another facility on the island of Oahu").

Plaintiff bases this request on allegations that (1) because he is housed in the same facility as Defendants, he "could be attacked, assaulted, falsely written up, killed, starved and denied all constitutional rights," Mot. at PageID #979; (2) Defendants are denying him access to his counsel for an appeal of his state criminal conviction, Mot. at PageID #983-84; Schoettle Decl. at 1-4, ECF No. 178; (3) Defendants' are denying him access to the law library, Mot. at PageID #986,

993, 996; and (4) Defendants are interfering with and/or mishandling his legal and personal mail, *id.* at PageID #980-92, 998.

More specifically, Plaintiff alleges that since the July 2014 assault, while at HCF (1) he sees "several of the defendants who gang assaulted [him] everyday," *id.* at PageID #984; (2) he has been strip-searched multiple times, removed from his job, and denied food, *id.* at PageID # 986; (3) he is not scheduled for law library despite submitting timely requests, *id.* at PageID # 993; and (4) Defendants refuse to mail more than one letter per week, regardless of whether it is personal or legal, and despite assurances to the court that legal mail would be sent, *id.* at PageID #981.

**B. Legal Standard**

"A preliminary injunction is an extraordinary and drastic remedy [that] is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citation and quotation signals omitted). To obtain a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Generally, as long as the other two parts of the *Winter* test are met, a preliminary injunction may issue where the

plaintiff demonstrates the existence of "serious questions going to the merits . . . and the balance of hardships tips sharply in the plaintiff's favor." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (citation and quotation marks omitted).

However, where a plaintiff seeks an injunction requiring the defendant to take affirmative action — such as ordering Plaintiff transferred to another facility — it is considered a mandatory injunction[2] and is "particularly disfavored." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (citations omitted). A mandatory injunction is "not granted unless extreme or very serious damage will result and [is] not issued in doubtful cases or where the injury complained of is capable of compensation in damages." *Id.* (quoting *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1980); *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1160 (9th Cir. 2011)). That is, the court "should deny such relief 'unless the facts and law *clearly favor* the moving party.'" *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th

[2] There are two types of preliminary injunctions: (1) a "mandatory injunction," which "orders a responsible party to take action," and (2) a "prohibitory injunction," which "prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878-79 (9th Cir. 2009) (internal quotation marks, brackets, and citations omitted).

Cir. 2015) (quoting *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994)) (emphasis added).

Further, a preliminary injunction may not be issued absent a "relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncolgy, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). Such a relationship is "sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

Finally, in cases involving prison conditions, a preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

**C. Application of Legal Standard to Plaintiff's Motion**

Here, as summarized above, Plaintiff contends that in retaliation for filing lawsuits and grievances against them, Defendants are currently violating Plaintiff's constitutional rights of access to the law library, access to counsel, and

the handling of his legal and personal mail, and that Defendants could "attack[], assault[], . . . kill[], [or] starve[]" him. Plaintiff seeks an order compelling Defendants to transfer him to the FDC or another State of Hawaii prison facility. But Plaintiff has not met the requirements for the requested preliminary injunction.

Plaintiff's requested injunctive relief is not "of the same character as that which may be granted" to remedy the claims asserted in his complaints. *De Beers Consol. Mines*, 325 U.S. at 220; *Pac. Radiation Oncology, LLC*, 810 F.3d at 636. In any civil action involving prison conditions, not only must preliminary injunctive relief be "narrowly drawn," any final prospective relief must also be "narrowly drawn, extend[] no further than necessary to correct the violation of a Federal right, and [be] the least intrusive means necessary to correct the violation[.]" 18 U.S.C. § 3626(a)(1). If Plaintiff were to prevail on his claims, less intrusive prospective remedies could be fashioned to correct any continuing harms, such as transfer to another housing module within HCF, isolation from the Defendants at issue in these cases, and modification of prison practices and/or policies.

Moreover, under settled law, a prisoner has no constitutional right to be housed in a particular prison facility. *Montayne v. Haymes*, 427 U.S. 236, 242-43 (1978); *see also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (holding that due

process protections are not required for discretionary transfers to a less agreeable prison); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (recognizing that prison officials "may change [a prisoner's] place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another" without violating a prisoner's due process rights). Plaintiff has no legal right to be transferred to FDC, Waiawa, Kulani, or any other prison facility.

Further, because Plaintiff has "close custody" status, he is ineligible for transfer to Waiawa or Kulani. *See* Pl.'s Ex. A6, ECF No. 176-6 (letter dated May 3, 2017 from Shari Kimoto, Acting Institutions Division Administrator in response to Plaintiff's request for transfer). And because neither the FDC (a federal facility) nor its administrators are parties to these actions, this court is without authority to issue an injunction binding the FDC to accept Plaintiff. *See* Fed. R. Civ. P. 65(d)(2) (providing that an injunction binds only the parties, their officers, agents, servants, employees, and attorneys, and other persons actively in concert or participation with them); *see also Zepeda v. United States Immigration & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) (recognizing that a court may issue injunction only "if it has personal jurisdiction over the parties"); *Walker v. Varela*, 2013 WL 816177, at *2 (C.D. Cal. Mar. 1, 2013) (denying injunctive

relief for lack of jurisdiction where only individual prison officials were parties and plaintiff sought an order compelling the state department overseeing prisons to move plaintiff to another prison facility).

Thus, because Plaintiff would not be entitled to a transfer to another prison facility even if he prevails on his underlying claims, the court lacks authority to issue a preliminary injunction ordering a transfer. *See Pac. Radiation Oncology, LLC*, 810 F.3d at 636.

Even if the court had authority to grant the relief requested, Plaintiff has not shown a likelihood of irreparable harm in the absence of a preliminary injunction. Speculative injury does not constitute irreparable harm. *See Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (stating that a plaintiff "must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief"); *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1171 (9th Cir. 2011) (explaining that to establish irreparable harm, a plaintiff must show that he is "under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury" (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).

Plaintiff's fear of retaliatory harm to his person is purely speculative. Plaintiff does not allege that Defendants have attacked, assaulted, starved, or attempted to kill him since he filed his underlying claims. Nor does Plaintiff provide any factual allegations to support his contention that he is at immediate risk of such grave harm. At best, Plaintiff alleges only that occasionally he does not receive as much food as he believes he should get. In short, Plaintiff has alleged only a hypothetical chance of future injury.

Further, Plaintiff has failed to establish that he is being denied access to the law library or to his counsel. Nor has he shown that he is likely to be denied such access in the future. Plaintiff went to the law library on January 16, 17, 22 and 23, 2018. *See* Harrington Decl. ¶¶ 5, 7, ECF No. 174-2; Defs.' Exs. 2, 4, ECF Nos. 174-5, 174-7. And according to Plaintiff's criminal counsel, he had confirmed appointments to meet with Plaintiff on March 13 and 14, 2018. *See* Schoettle Decl. ¶¶ 13, 16, ECF No. 179. Further, counsel stated that since June 2018, he has "met personally with [Plaintiff] at [HCF] many times for many hours to discuss the issues on appeal." Schoettle Decl. ¶¶ 3, 5, ECF No. 165-12.

Finally, a review of the court docket in these cases shows that Plaintiff has not been hindered in his ability to litigate these cases and meet court deadlines while at HCF. Nor has he established that he is likely to suffer prejudice from any

future denial of access to the law library or to counsel. Plaintiff's allegations that Defendants are mishandling Plaintiff's personal and legal mail, raised in supplemental filings and during a settlement conference, were recently addressed by Magistrate Judge Kenneth J. Mansfield during a status conference on February 9, 2018. ECF Nos. 164, 168.[3] Since that time, Plaintiff does not allege that he has been unable to send mail to his criminal counsel, or to opposing counsel or the court in order to litigate these civil cases.[4]

///

///

///

///

[3] Plaintiff's allegations regarding mishandling of personal mail from Leah Sunada to Plaintiff concern a disagreement between Plaintiff and Defendants whether the mail violated prison policies. Because the prison may impose restrictions on Plaintiff's personal mail, it is not at all clear that these allegations establish any constitutional violation. And at least some correspondence from Ms. Sunada was sent to Plaintiff's criminal counsel pursuant to Plaintiff's request. *See* Harrington Decl. ¶¶ 9-10, ECF No. 174-2; Defs.' Exs. 5-6, ECF Nos. 174-5, 174-6 (forms completed by Plaintiff instructing prison to send prohibited mail to his counsel).

[4] Plaintiff alleges that on February 15, 2018, his criminal counsel mailed him legal documents and that mailroom personnel opened and inspected them outside of Plaintiff's presence. Pl.'s Decl. ¶ 9, ECF No. 175. Even assuming Plaintiff's allegation that Defendants opened Plaintiff's legal mail outside of his presence is sufficient to show a constitutional violation, and even assuming this is sufficient to establish irreparable harm, as explained above, an injunction ordering a transfer is not warranted because this harm can be remedied by less intrusive means. *See* 18 U.S.C. § 3626(a)(1) (limiting the court's authority to providing the least intrusive means of relief necessary to remedy any harm).

## III. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Preliminary Injunction is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 20, 2018.




/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Pitts v. Espinda*, Civ. No. 15-00483 JMS-KJM; *Pitts v. Tuitama*, Civ. No. 17-00137 JMS-KJM, Order Denying Motion for Preliminary Injunction